UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, § | |
| § | |
| VS. § | CRIMINAL ACTION NO. 2:12-CR-33 |
| § | |
| SEVERINO OSUNA § | |
| § | |
| Defendants. § | |

### MEMORANDUM OPINION AND ORDER DISMISSING MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE AND DENYING A CERTIFICATE OF APPEALABILITY

Pending before the Court is Defendant Severino Osuna's (Osuna) motion to vacate, set aside or correct judgment pursuant to 28 U.S.C. § 2255, along with his memorandum of law. (D.E. 55, 56). Because it plainly appears from the Court's review of the motion and the record of prior proceedings that Osuna is not entitled to any relief, the Court dismisses the motion without a response from the government. Rule 4(b), Rules Governing Section 2255 Proceedings for the United States District Courts (2014) (2255 Rules). Osuna is also denied a certificate of appealability.

### I.  JURISDICTION

This Court has jurisdiction pursuant to 28 U.S.C. § 1331.

### II.  BACKGROUND

Osuna was sentenced to 151 months in the Bureau of Prisons in 2012 based on his plea of guilty to the charge of possession with intent to distribute a controlled substance, 74.72 kilograms of marijuana. (D.E. 43). Osuna had previously been convicted of drug

trafficking in 2007 in Ohio and convicted of aggravated assault in Hidalgo County in 2011. As a result, he was sentenced as a career offender. (D.E. 37, ¶¶ 21-25).

Under the sentencing guidelines, Osuna's base offense level was determined to be 26 based on the amount of marijuana seized on December 20, 2011, and 1.37 kilograms of cocaine seized on May 28, 2011. The level was adjusted for his acceptance of responsibility and then enhanced as a result of his career offender status. The total offense level was set at 29. (*Id*.). His criminal history was calculated to be a category VI, which resulted in a sentencing range of 151-188 months. (*Id*., ¶ 64). Osuna objected to the Presentence Investigation Report (PSR), complaining that his criminal history was overstated and that the 1.37 kilograms of cocaine should not be considered relevant conduct. (D.E. 32, 39, 41).

The Court overruled Osuna's objection, adopted the PSR as the findings of the Court, and sentenced Osuna to 151 months imprisonment and three years of supervised release. (D.E. 43). Judgment was entered on May 31, 2012. (*Id*.). Osuna waived his right to appeal or to file a § 2255 motion by the terms of his plea agreement. (D.E. 28, ¶ 7; D.E. 53, p. 15).

Osuna's present motion is dated March 4, 2014, and was received by the Clerk on March 20, 2014. (D.E. 55).

### III.  MOVANT'S CLAIMS

Osuna challenges his sentence and seeks resentencing pursuant to *Alleyne v. United States*, 133 S.Ct. 2151 (2013). He describes his sentence as a mandatory minimum sentence of 151 months and claims that it violates *Alleyne*.

## IV.   ANALYSIS

### A.      28 U.S.C. § 2255

There are four cognizable grounds upon which a federal prisoner may move to vacate, set aside or correct his sentence:  1) constitutional issues, 2) challenges to the district court's jurisdiction to impose the sentence, 3) challenges to the length of a sentence in excess of the statutory maximum, and 4) claims that the sentence is otherwise subject to collateral attack.  28 U.S.C. § 2255; *United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996).  "Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice."  *United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir. 1992) (per curiam).

### B.      Statute of Limitations § 2255

A motion made under § 2255 is subject to a one-year statute of limitations, which, in most cases, begins to run when the judgment becomes final.  28 U.S.C. § 2255(f).  The Fifth Circuit and the Supreme Court have held that a judgment becomes final when the applicable period for seeking direct review of a conviction has expired.  *Clay v. United States*, 537 U.S. 522 (2003); *United States v. Gamble*, 208 F.3d 536, 536-37 (5th Cir. 2000) (per curiam).

Osuna's conviction became final on June 15, 2012, the last day to file his direct appeal.  Fed. R. App. P. 4(b)(1)(A); *Clay*, 537 U.S. at 525.  Osuna's deadline to file his motion to vacate expired a year later on June 15, 2013.  He did not file his § 2255 motion

until March 4, 2014, over eight months past the one year deadline. His § 2255 motion is therefore time barred unless an exception applies.

Subsection 2255(f)(3) provides an alternative date for limitations, "(f) A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of– . . . (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review[.]" Osuna claims that his motion is timely and that *Alleyne* should be applied retroactively applicable. For § 2255(f)(3) to apply, the Supreme Court must have specifically held that a newly recognized right applies retroactively to cases on collateral review. *Tyler v. Cain*, 533 U.S. 656, 662–63 (2001); *see also In re Sparks*, 657 F.3d 258, 260 (5th Cir. 2011).

In *Alleyne*, the Supreme Court held that any fact that increases the mandatory minimum sentence for a crime is an element of the crime that must be submitted to the jury and found beyond a reasonable doubt. 133 S.Ct. at 2163. *Alleyne* was decided on direct appeal and has not been declared to apply retroactively on collateral review. *See In re Kemper*, 735 F.3d 211, 212 (5th Cir. 2013); *United States v. Cantu-Rivera*, 2013 WL 3873281 (S.D. Tex. July 24, 2013). Because *Alleyne* does not apply retroactively, Osuna's § 2255 motion is untimely.

Moreover, Osuna's 151 month sentence is not a minimum mandatory sentence. Instead, his offense level was enhanced by virtue of his career offender status which

increased his advisory guideline range.  *Alleyne* does not apply to such enhancements. *See United States v. St. Junius*, 739 F.3d 193, 213 n.23 (5th Cir. 2013).

Osuna's § 2255 motion to vacate, set aside or correct judgment must be denied as untimely.

## V.   CERTIFICATE OF APPEALABILITY (COA)

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A).  Although Osuna has not yet filed a notice of appeal, the § 2255 Rules instruct this Court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11, § 2255 Rules.

A COA "may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003).

As to claims that the district court rejects solely on procedural grounds, the movant must show both that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  The Court finds that Osuna cannot establish at least one of the *Slack* criteria.  Accordingly, he is not entitled to a COA as to his claims.

## VI.  CONCLUSION

For the foregoing reasons, Osuna's motion to vacate, set aside or correct judgment (D.E. 55) is DENIED as untimely and he is DENIED a Certificate of Appealability.

ORDERED this 6th day of May, 2014.

_____
NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE